# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

ERIC GILMORE and REBECCA §
MAHONEY, Individually and as Next §
Friends of K.G., a Minor, §
§
    *Plaintiffs*, §
v. § Civil Action No. 4:24-cv-275
§ Judge Mazzant
SHANGHAI XIAOXU INTERNATIONAL §
TRADE CO., LTD., BLTPRESS, and EBAY §
INC., §
§
    *Defendants*. §

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant eBay Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint under Rule 12(b)(6) and Brief in Support (Dkt. #20). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

Plaintiffs Eric Gilmore and Rebecca Mahoney, individually and as Next Friends of K.G., a Minor (collectively, "Plaintiffs"), brought this product liability action against Defendants Shanghai Xiaoxu International Trade Co., Ltd. ("SXIT"), BLTpress ("BLT"), and eBay Inc. ("eBay" or "Defendant") (collectively, "Defendants") under Texas law, invoking the Court's diversity jurisdiction (Dkt. #14).[1]

On July 3, 2018, Plaintiffs purchased an inflatable gymnastics mat (the "Product") from a friend who originally bought the Product on eBay (Dkt. #14 at ¶ 3.1). On May 14, 2022, one of the

---

[1] On February 5, 2025, Plaintiffs filed their First Amended Complaint (the "Complaint") (Dkt. #14).

Plaintiffs allegedly suffered an injury caused by the Product (Dkt. #14 at ¶ 3.3). Plaintiffs allege Defendants failed to take reasonable care in developing, designing, manufacturing, testing, selling, and/or marketing a product free from defects and safe for consumer use (Dkt. #14 at ¶ 3.6). As a result, Plaintiffs assert causes of action against Defendants for strict liability, negligence, breach of express warranty, and breach of implied warranty of merchantability (Dkt. #14 at ¶¶ 4.1–4.24).

On March 31, 2025, eBay, an online marketplace, filed its Motion to Dismiss arguing Texas law bars Plaintiffs' claims against it (Dkt. #20). On April 28, 2025, Plaintiffs filed their Response (Dkt. #29). On May 12, 2025, eBay filed its Reply (Dkt. #32). The Motion is now ripe for adjudication.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the

complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

The Texas Product Liability Act ("TPLA") governs all products liability claims, whether the claim is based on strict liability, negligence, misrepresentation, or some other theory. *See* TEX. CIV. PRAC. & REM. CODE § 82.001, et seq.; *see id.* at § 82.001(2) (defining a "products liability

3

action" as "any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories"). Under Section 82.003 of the TPLA, a seller that did not manufacture a product that is alleged to have caused damage is generally not liable for the harm caused by that product. *See id*. § 82.003. Rather, to recover against a non-manufacturing seller of a product, a plaintiff must plead and prove one of seven specified exceptions to this blanket protection. *See id*. at § 82.003(a).

In its Motion, eBay urges the Court to dismiss Plaintiffs' strict liability, negligence, breach of express warranty, and breach of implied warranty of merchantability claims, arguing each is barred under the TPLA (Dkt. #20). Specifically, eBay argues under existing Fifth Circuit and Texas Supreme Court case law, eBay is not a "seller" under the TPLA (Dkt. #20 at pp. 9–13). Plaintiffs concede that under the current interpretation of the TPLA, the definition of "seller" excludes digital online marketplaces like Amazon, Etsy, or eBay (Dkt. #29 at pp. 4, 7). However, Plaintiffs argue Texas law should be changed:

> Given that consumers are using online marketplaces like eBay and Amazon at ever increasing rates and many foreign manufacturers of products sold on these platforms no longer exist or are unreachable, Texas courts should change the current interpretation of what constitutes a "seller" under Chapter 82 to include online marketplaces such as eBay.

(Dkt. #29 at pp. 3–4).

"Where, as here, the proper resolution of the case turns on the interpretation of Texas law, we are bound to apply [Texas] law as interpreted by the state's highest court." *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 564 (5th Cir. 2010) (citation modified). The Fifth

4

Circuit has previously issued a certified question to the Supreme Court of Texas asking for its determination on whether Amazon, an online marketplace, was a "seller" under the TPLA. *See McMillan v. Amazon.com, Inc.*, 983 F.3d 194 (5th Cir. 2020), *certified question answered*, 625 S.W.3d 101 (Tex. 2021). The state's highest court held that Amazon was not liable as a "seller" of a defective third-party product under the TPLA. *Amazon.com, Inc. v. McMillan*, 625 S.W.3d 101, 111–12 (Tex. 2021) ("[W]hen a product-related injury arises from a transaction involving a sale, sellers are those who have *relinquished title* to the allegedly defective product at some point in the chain of distribution.") (emphasis added). The Texas Supreme Court reasoned that because a third party sold the product on Amazon's website and Amazon did not hold or relinquish title to the product, Amazon was not a seller even though it controlled the process of the transaction and the delivery of the product. *Id.* at 112.

Here, instead of arguing eBay is a "seller" under the TPLA, Plaintiffs urge the Court as follows:

> Updating the legal definition of a "seller" under [the TPLA] would ensure greater consumer protection and align Texas law with the realities of the digital marketplace. Alternatively, Texas law should recognize that these online marketplaces are undertaking a service and in doing so must act reasonably to protect unsuspecting consumers from exposure to defective and unreasonably dangerous products.

(Dkt. #29 at p. 4).

For the Court to do as Plaintiffs request would be to change Texas' highest court's interpretation of its own law. The Court refuses to do so. It is the legislature that has the authority to change the statute, not the courts. *See Est. of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 484 (1992). It is not for the Court "to adopt innovative theories of recovery or defense for Texas law, but simply to apply that law as it currently exists." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212,

1217 (5th Cir. 1985). Further, the Court is bound by the Fifth Circuit's interpretation of Texas law absent a subsequent state court decision or statutory amendment that renders the Fifth Circuit's prior decision clearly wrong. *Batts v. Tow–Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995).

Again, despite conceding eBay is an online marketplace and online marketplaces are not "sellers" under the TPLA, Plaintiffs ask the Court to deny eBay's Motion because Plaintiffs are entitled to conduct discovery to fully understand eBay's role in the sale and distribution of the Product (Dkt. #29 at pp. 7, 16). Plaintiffs also allege further discovery is necessary to determine whether eBay exercised control or played an active role in the transaction at issue (Dkt. #29 at p. 17 ("Dismissing the case now would prematurely cut off the opportunity to uncover the full extent of eBay's involvement and potential liability.")).

Ordinarily, the Court would entertain this argument for discovery. However, under *McMillan*, Plaintiffs would need to seek discovery that determined whether eBay held or relinquished title to the purportedly defective Product. *McMillan*, 625 S.W.3d at 111–12. Relevantly, the Court previously granted Plaintiffs' Motion to Serve Deposition Upon Written Questions to eBay before eBay was even named as a defendant in the instant suit (*See* Dkt. #9). According to the draft subpoena Plaintiffs attached to their Motion to Serve Deposition Upon Written Questions to eBay, Plaintiffs requested the following from eBay:

> All documents pertaining to the purchase of a 20x6 FT Inflatable Air Track Floor Home Gymnastics Tumbling Mat with Pump (MPN GS34-3SAD1 & Brand BLTPRESS) which was shipped from Hacienda Heights, CA on or about June 26, 2018 (attached is an e-bay confirmation for reference). All documents (name and address) related to the manufacturer of this product, designer of this product, and the importer of this product.

(Dkt. #8-3 at p. 4).

Presumably, this discovery request would have revealed whether eBay ever held or relinquished title to the Product. *See McMillan*, 625 S.W.3d at 111–12. Even after receiving the discovery they requested (Dkt. #32 at p. 2), Plaintiffs filed their Complaint and still only alleged the following about eBay's role in the sale of the Product: (1) eBay advertised the Product (Dkt. #14 at ¶ 4.10); (2) eBay undertook a service for a profit to make the Product available for purchase (Dkt. #14 at ¶ 4.15); and (3) eBay failed to vet the Product's manufacturers in a way that could identify whether the Product was defective or complied with consumer product safety regulations and standards (Dkt. #14 at ¶ 4.15). Under the TPLA, the Complaint is insufficient to hold eBay liable for Plaintiffs' strict liability, negligence, breach of express warranty, and breach of implied warranty of merchantability claims, because none of Plaintiffs' allegations bear on whether eBay held or relinquished title to the Product. *See McMillan*, 625 S.W.3d at 111–12; TEX. CIV. PRAC. & REM. CODE § 82.003(a). As such, additional discovery would be futile and unduly burdensome to eBay whose only role was to facilitate the transaction of the Product as an online marketplace (Dkt. #20 at p. 5).

After reviewing Plaintiffs' Complaint and the arguments presented in the briefs, the Court finds that Plaintiffs have not stated plausible claims for relief under Rule 12(b)(6). Accordingly, dismissal is warranted, and eBay's Motion should therefore be **GRANTED**.

## CONCLUSION

It is therefore **ORDERED** that Defendant eBay Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint under Rule 12(b)(6) and Brief in Support (Dkt. #20) is hereby **GRANTED**, and Defendant eBay, Inc. is hereby **DISMISSED**.

**IT IS SO ORDERED**.

**SIGNED this 7th day of October, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE